UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

---

| | |
|---|---|
| **KEVIN CLODFELTER,** ) | |
| ) | |
| **Plaintiff,** ) | |
| v. ) | **Case No. 08-CV-2131** |
| ) | |
| **UNITED PROCESSING, INC.,** a ) | |
| Florida corporation, **LISA WATERS,** and ) | |
| **CYNTHIA SWICK,** ) | |
| ) | |
| **Defendants.** ) | |

**OPINION**

On August 4, 2008, this court entered an Order (#7) which entered default against Defendants, United Processing, Inc., Lisa Waters and Cynthia Swick. This court allowed Plaintiff, Kevin Clodfelter, fourteen (14) days to file documentation and case law in support of his request for a judgment in this case. On August 18, 2008, Plaintiff filed a Memorandum of Law in Support of Motion for Default Judgment (#8), with attached exhibits. Plaintiff requested a judgment against Defendants in the amount of $1,000,000.00. This court has carefully reviewed all of the documentation presented by Plaintiff. This court concludes that Plaintiff has shown that he is entitled to judgment against Defendants in the total amount of $351,000.00.

BACKGROUND

On June 11, 2008, Plaintiff filed his Complaint (#1) against Defendants. Plaintiff alleged that he is an individual residing in Mattoon, Illinois. He alleged that Defendant United Processing, Inc. is a corporation organized under the laws of Florida with its principal place of business in Jacksonville, Florida. Plaintiff alleged that United Processing is a debt collector as defined by the Fair Debt Collection Practices Act (FDCPA) and was collecting a consumer debt as defined by the FDCPA. Plaintiff alleged that Defendant Lisa Waters is a director, president and registered agent

of United Processing and Defendant Cynthia Swick is a director and secretary of United Processing. Plaintiff alleged that Waters and Swick formulated, directed, and controlled the acts of United Processing, including the acts and practices alleged in the Complaint.

Plaintiff made the following factual allegations. He alleged that, in 2004, he borrowed approximately $400 from the Money Place in Mattoon and used the proceeds to pay for consumer goods and services. Plaintiff alleged that he subsequently defaulted on his loan obligations to the Money Place. The Money Place then placed the debt for collection with Defendants. In December 2006, Defendants contacted Plaintiff by telephone in an attempt to collect the debt. Defendants' employee, Thomas, threatened Plaintiff with criminal prosecution and told him he would be arrested at his place of employment if he did not pay $500.00 by Western Union immediately. Plaintiff then sent $500.00 to Defendants via electronic fund transfer. Plaintiff believed that the debt was satisfied.

On May 15, 2008, employees of Defendants named Kimberly Jones and Thomas made numerous telephone calls to Plaintiff's relatives and employer and stated that Plaintiff would be criminally prosecuted or arrested because of his nonpayment of the debt. Plaintiff alleged that Defendants had no legitimate reason to make the debt collection telephone calls. At approximately 4:00 p.m. on May 15, 2008, Plaintiff called the number left by Defendants and spoke to Kimberly Jones. Plaintiff told Jones that he paid the debt in 2006. Jones told him that he still owed $600.00. When Plaintiff said he was not going to pay any additional money, Jones told him "your attitude sucks" and threatened him with criminal prosecution. Jones then ended the conversation. Plaintiff immediately called back and Jones "told him that she was on the other telephone line with the Coles County State's Attorney discussing Plaintiff's case." Plaintiff alleged that Jones then "told him to

expect a knock at his door and hung up."

In Count I, Plaintiff alleged that United Processing violated the FDCPA: (1) when one of its employees misrepresented that Plaintiff would be criminally prosecuted; (2) by contacting numerous third parties in an attempt to collect the debt; and (3) by attempting to collect a debt Plaintiff did not owe. Plaintiff sought actual and statutory damages as well as attorney's fees and litigation expenses and costs. In Count II, Plaintiff alleged that all three Defendants violated the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 Ill. Comp. Stat. 505/2, when they threatened that Plaintiff would be criminally prosecuted and contacted third parties and disclosed the false threat of criminal prosecution. Plaintiff alleged that Defendants "made the representations and carried out their scheme knowingly, intentionally, wilfully, maliciously, and in bad faith, or with wanton and reckless disregard for Plaintiff's rights and interests, entitling the plaintiff to recover punitive damages against defendants."

On August 1, 2008, Plaintiff filed a Motion for Default Judgment (#6). Plaintiff stated that the Complaint and summons were served upon all three Defendants and no "motion, answer or responsive pleading has been filed on behalf of the Defendants." Plaintiff asked this court to enter a default judgment in favor of Plaintiff and against United Processing in the amount of $1,000,000.00 for its violation of the FDCPA. Plaintiff also asked this court to enter a default judgment against all three Defendants, jointly and severally, in the amount of $1,000,000.00 for their violation of the Illinois Consumer Fraud and Deceptive Business Practices Act.

On August 4, 2008, this court entered an Order (#7). This court concluded that Plaintiff was entitled to an Order entering default. This court further concluded, however, that Plaintiff had not shown that he was entitled to a judgment against Defendants in the amount of $1,000,000.00. This

court therefore entered default against Defendants and allowed Plaintiff fourteen days to file documentation and case law in support of his request for a judgment in this case.

On August 18, 2008, Plaintiff filed his Memorandum of Law in Support of Motion for Default Judgment (#8), with attached documentation. Plaintiff attached his affidavit, dated August 14, 2008. Plaintiff set out the facts regarding the telephone calls made by Defendants' employees to his family members, including calls to his father, his stepmother, his brother, and at least five calls to his mother and stepfather, wherein Defendants' employees stated that Plaintiff would be prosecuted or arrested. Plaintiff also stated that Defendants' employees called the human resources department of R.R. Donnelley in Mattoon, and told them that the sheriff would be arriving at the plant with an "affidavit" for his arrest. Plaintiff stated that he called the number left by Defendants and spoke to Kimberly Jones. Jones threatened him with criminal prosecution, told him she was on the other line with the Coles County State's Attorney, and told him to expect a knock at his door. Plaintiff stated that he called the Coles County State's Attorney and found out he did not have a case pending. Plaintiff stated:

> 22. Even though I called the State's Attorney, I was still worried that I might be arrested for this debt. The thought of sitting in jail with criminals made me sick.
>
> 23. The telephone calls also put a strain on my family. My mom was worried that I might be arrested over these telephone calls. It also was embarrassing for me because now my family knew that I once had trouble paying a debt.
>
> 24. I am also embarrassed that people in the community may

>    think that I am a criminal about to be prosecuted. I believe
>    that word spread about the telephone call throughout the R.R.
>    Donnelley plant and I live in a small town.

Plaintiff also attached the affidavit of his mother, Linda Schrock, dated August 8, 2008. Schrock corroborated Plaintiff's statement regarding the telephone calls she and other family members received from Defendants stating that Plaintiff was going to be arrested by the sheriff.

In addition, Plaintiff attached copies of eight complaints filed against United Processing in other district courts throughout the country. The attached complaints included similar allegations that United Processing employees made telephone calls to the plaintiffs' family members in an attempt to collect a debt and stated that the plaintiffs would be arrested. Plaintiff also attached copies of the records of two similar cases. These two cases included similar allegations but were filed against different defendants than the defendants involved in this case. The first case was filed in Effingham County, Illinois, and the complaint alleged that the defendants violated the Illinois Consumer Fraud and Deceptive Business Practices Act. The complaint included allegations that the defendants made numerous telephone calls informing the plaintiff that a warrant for her arrest would be issued if she did not pay the debt. In that case, Circuit Judge James R. Harvey entered a default judgment against the defendants in the total amount of $300,000.00. The damages consisted of $75,000.00 for actual damages and $225,000 for punitive damages. The second case was filed by two named plaintiffs in the Southern District of Illinois. The first plaintiff alleged that the defendants made telephone calls and informed her that she was being criminally prosecuted, that a warrant had been issued for her arrest, and the only way to avoid criminal prosecution was to pay the debt immediately. The second plaintiff alleged that the defendants made a telephone call and

informed her that identity theft charges were being brought against her and that she could be incarcerated for "5 to 7 years." In that case, United States District Judge James L. Foreman entered a default judgment in the amount of $217,085 in favor of each plaintiff. The damages awarded to each of the two plaintiffs consisted of $15,000 in actual damages under the FDCPA, $1,000 in statutory damages under the FDCPA, $1,085 in attorney's fees under the FDCPA, $50,000 in actual damages under the Illinois Consumer Fraud and Deceptive Business Practices Act, and $150,000 in punitive damages under the Illinois Consumer Fraud and Deceptive Business Practices Act. Plaintiff also attached a copy of a Senate Report on the FDCPA.

## ANALYSIS

In his Memorandum (#8), Plaintiff pointed out that the attached Senate Report showed that the FDCPA was needed because "debt collection abuse by third party debt collectors is a widespread and serious national problem." Plaintiff then argued that the conduct in this case amounted to a "calculated and coordinated plan to systematically call employers, friends and family in order to embarrass, threaten or intimidate a family member or the debtor into paying a debt." Plaintiff also asked this court to take judicial notice of the eight other pending lawsuits against Defendants alleging identical violations of the law. Plaintiff contended that the other complaints filed against Defendants showed that they were doing the same things many times over every day to countless individuals. Plaintiff argued that he is entitled to a judgment under the FDCPA of $1,000,000.00 consisting of $1,000.00 in statutory damages and $999,000.00 in actual damages.

Plaintiff also argued that he has shown that Defendants violated the Illinois Consumer Fraud and Deceptive Business Practices Act by threatening Plaintiff with arrest, criminal prosecution and imprisonment during the course of debt collection. Plaintiff stated that he is requesting actual

damages in the amount of $300,000.00 and punitive damages in the amount of $700,000.00. Plaintiff argued that the two cases he attached where a default judgment was entered justified the request for a judgment in the amount of $1,000,000.00. He argued that the "facts in this case are far more egregious." Plaintiff argued that a "judgment of $1,000,000.00 will negate any profit earned by Defendants using this unlawful scheme of threats and harassment" and "will deter other debt collectors from engaging in similar misconduct."

## I.  FDCPA

The FDCPA provides that a debt collector who fails to comply with the FDCPA is liable to the plaintiff "in an amount equal to the sum of – (1) any actual damages sustained by such person as a result of such failure; (2)(A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000; . . . and (3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court . . . ." 15 U.S.C. § 1692k(a)(1-3), see also Miller v. Midland Funding LLC, 2008 WL 4093004, at *3 (C.D. Cal. 2008).  In this case, Plaintiff recognizes that statutory damages are limited to $1,000 per action, so $1,000 is the maximum he can recover for statutory damages under the FDCPA.  See Miller, 2008 WL 4093004, at *2; Tallon v. Lloyd & McDaniel, 497 F. Supp. 2d 847, 849 (W.D. Ky. 2007).  In addition, Plaintiff has not submitted any documentation regarding attorney's fees and costs, so this court cannot award attorney's fees and costs at this time.

The real question is the amount that can reasonably be awarded for "actual damages." Plaintiff has only claimed damages for emotional distress. "Actual damages" can include damages for emotional distress. Tallon, 497 F. Supp. 2d at 850. However, case law has suggested that a

plaintiff cannot "rel[y] solely on his own conclusory statements of emotional distress" to support his claim of harm. See Wantz v. Experian Info. Solutions, 386 F.3d 829, 834 (7th Cir. 2004); Whiting v. Harley-Davidson Fin. Servs., 534 F. Supp. 2d 823, 834 (N.D. Ill. 2008); see also Miller, 2008 WL 4093004, at *3. The Seventh Circuit has stated that "'[a plaintiff] must explain the circumstances of his injury in reasonable detail' and not rely on conclusory statements, unless the 'facts underlying the case are so inherently degrading that it would be reasonable to infer that a person would suffer emotional distress from the defendant's action.'" Wantz, 386 F.3d at 834, quoting Denius v. Dunlap, 330 F.3d 919, 929 (7th Cir. 2003).

In this case, while Plaintiff's affidavit includes conclusory statements that he was "sick," "worried" and "embarrassed," it also set out in detail United Processing's actions in contacting family members and an employer and stating that Plaintiff would be criminally prosecuted and arrested for failing to pay a debt. This court concludes that Plaintiff's affidavit sufficiently shows actions that are so "inherently degrading" that this court can reasonably infer that Plaintiff suffered emotional distress from United Processing's actions. This court further notes that Plaintiff also submitted his mother's corroborating affidavit. See Whiting, 534 F. Supp. 2d at 834; see also McNally v. Client Servs., Inc., 2008 WL 2397489, at *2 (W.D. Pa. 2008). This court therefore concludes that Plaintiff has shown that he is entitled to actual damages from United Processing under the FDCPA. This court also agrees with Plaintiff that the facts of this case are somewhat more egregious than the facts of the two cases he submitted where substantial default judgments were entered. In the cases submitted, the plaintiffs alleged that they were contacted and threatened with criminal prosecution whereas, in this case, United Processing also contacted family members and an employer. However, this court cannot conclude that a judgment of $1,000,000.00 is warranted.

This court concludes that an award of $100,000 in actual damages and $1,000.00 in statutory damages under the FDCPA is sufficient in this case.

## II.  ILLINOIS STATUTE

This court further concludes that Plaintiff has shown that he is entitled to actual damages and punitive damages against all three Defendants under the Illinois Consumer Fraud and Deceptive Business Practices Act.  However, this court cannot agree that Plaintiff is entitled to damages totaling $1,000,000.00.  This court again concludes that an award of $100,000 in actual damages is warranted based upon Plaintiff's emotional distress. In addition, "punitive damages may be awarded where the wrongful act committed by the defendant 'is characterized by wantonness, malice, oppression or other circumstances of aggravation.'" Gehrett v. Chrysler Corp., 882 N.E.2d 1102, 1117-18 (Ill. App. Ct. 2008), app. pending, quoting Los Amigos Supermarket, Inc. v. Metro. Bank & Tr. Co., 713 N.E.2d 686, 696 (Ill. App. Ct. 1999).  However, punitive damages must not be "grossly excessive." See BMW of N. Am., Inc. v. Gore, 517 U.S. 559, 562 (1996); Gehrett, 882 N.E.2d at 1119. This court concludes that the evidence presented here regarding the telephone calls made by Defendants wherein they stated that Plaintiff would be criminally prosecuted and arrested by the sheriff establish extremely egregious conduct so that an award of punitive damages is appropriate. This court further concludes that Plaintiff is entitled to punitive damages in the amount of $250,000.  This court makes this decision based upon evidence submitted in this case and based upon the two cases submitted by Plaintiff as examples of default judgments entered in similar cases. The resulting judgment in this case is similar to the judgments entered in the two example cases, based upon similar conduct, but is a larger amount because the conduct involved in this case was more egregious.  This court also concludes that the amount of $250,000 in punitive damages is

warranted by the facts of this case and is not excessive.

IT IS THEREFORE ORDERED THAT:

(1) Plaintiff's Motion for Default Judgment (#6), which was reserved in part, is GRANTED.

(2) Judgment is entered in favor of Plaintiff and against Defendant United Processing in the total amount of $351,000.00. This amount consists of $100,000.00 in actual damages under both the FDCPA and the Illinois Consumer Fraud and Deceptive Business Practices Act, $1,000.00 in statutory damages under the FDCPA, and $250,000.00 in punitive damages under the Illinois Consumer Fraud and Deceptive Business Practices Act.

(3) Judgment is entered in favor of Plaintiff and against Defendants Waters and Swick, jointly and severally, in the total amount of $350,000.00. This amount consists of $100,000 in actual damages and $250,000.00 in punitive damages under the Illinois Consumer Fraud and Deceptive Practices Act. This judgment is also joint and several with the judgment entered against United Processing under the Illinois Consumer Fraud and Deceptive Practices Act.

(4) This case is terminated.

ENTERED this 12th day of September, 2008

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE